UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| B&J TRANSPORTATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 06-39-B-W |
| | ) | |
| SWIFT & COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDED DECISION ON
SWIFT & COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

B&J Transportation, Inc., a Maine corporation, filed a civil action in state court to collect on shipping invoices issued to Swift & Company for certain interstate shipments totaling $83,976.79. Swift removed the matter to this Court. According to the amended complaint, Swift's payment processor, Cass Information Systems, mistakenly sent payment to Transportation Alliance Bank, Inc. B&J has added Cass and Transportation Alliance Bank as additional defendants in the amended complaint. Now pending is Swift & Company's motion for partial summary judgment, which requests the entry of judgment against counts I (account annexed), II (breach of contract) and III (*quantum meruit*) of B&J's amended complaint, based on the statute of limitation set forth at 49 U.S.C. § 14705(a). I recommend that the Court grant the motion.

**Statement of Material Facts**

The following statement of facts is drawn from the parties' Local Rule 56 statements of material fact in accordance with this District's summary judgment practice. See Doe v. Solvay Pharms., Inc., 350 F. Supp. 2d 257, 259-60 (D. Me. 2004) (outlining the procedure); Toomey v.

<u>Unum Life Ins. Co.</u>, 324 F. Supp. 2d 220, 221 n.1 (D. Me. 2004) (explaining "the spirit and purpose" of Local Rule 56).  Pursuant to Rule 56 of the Federal Rules of Civil Procedure, all evidentiary disputes appropriately generated by the parties' statements have been resolved, for purposes of summary judgment only, in favor of the non-movant.  <u>Merch. Ins. Co. v. U.S. Fid. & Guar. Co.</u>, 143 F.3d 5, 7 (1st Cir. 1998).

B&J Transportation, Inc., is in the business of truck brokerage and the interstate transportation of goods by common carrier and freight forwarding.[1]  (Pl.'s Statement of Additional Material Facts ¶ 2 (SAMF), Docket No. 30.)  Swift is a processor of beef and pork products that are supplied to consumers nationwide.  (Def.'s Statement of Material Facts ¶ 1 (SMF), Docket No. 22.)  In order to distribute its products, Swift engages for-hire common carriers to transport its products from its processing plants to stores and restaurants across the nation.  (<u>Id.</u> ¶ 2.)  The parties agree that Parris Trucking, Inc., in agency to B&J Trucking, transported in interstate commerce numerous loads of Swift products during the month of February 2004.  (<u>Id.</u> ¶¶ 3-4; SAMF ¶ 4.)  They also agree that all of the loads transported for Swift by Parris were performed pursuant to a contract between B&J and Swift.  (SAMF ¶ 1.)  B&J offers in a statement of "denial" that the last shipment Parris made for Swift on behalf of B&J was not in February 2004, but on February 28, 2005, and cites an invoice summary chart identifying invoice numbers and shipping dates between February 2004 and February 2005, as well as several batches of invoices and bills of lading that arise from shipments made over this timeframe.[2]  (Pl.'s Opposing Statement of Material Facts ¶ 3, Docket No. 30.)  B&J also asserts

---

[1]      The parties agree that B&J is a subsidiary of Sargent Trucking, Inc.  B&J contracts with corporations nationwide to provide transportation services through Sargent's subsidiaries and agents. Although the relationship between B&J and Sargent is not material to the issues raised in the motion for summary judgment, it is useful to know of this relationship when reviewing some of the documentary evidence that identifies Sargent rather than B&J.

[2]      The documents are numerous and do not appear to be organized in chronological fashion.  They are appended to the record at docket numbers 30 and 31.

that it continues to contract with Swift for the interstate transportation of goods.  (SAMF ¶ 7.)
However, B&J nowhere states in its summary judgment papers that its plea for $83,976.79 in
damages is based upon shipment services provided after February 2004.  Its amended complaint
expressly alleges that the plea is based on shipment services provided "[f]rom April 15, 2004 to
June 7, 2004." (Am. Compl. ¶ 11, Docket No. 15.)  In other words, the invoices related to
shipment services provided after February 2004 are only relevant to the summary judgment
motion because they are relied upon by B&J to support a certain argument, described below,
about the accrual date of its claim.

Swift's payment processor, Cass Information Systems, paid Transportation Alliance
Bank, Inc. (TAB), rather than B&J, for certain invoices for transportation services provided by
Parris, despite the fact that B&J was to receive all accounts payable for interstate transportation
services provided by Parris.  (SMF ¶ 5; SAMF ¶ 5.)  B&J has demanded that Swift make
payment of $83,976.79 for transportation services provided, which sum remains outstanding as
of this date.  (Id. ¶ 6; SAMF ¶ 6.)  B&J filed its complaint in Aroostook County Superior Court
on February 22, 2006.  (SMF ¶ 8.)  Swift removed the Complaint to this Court on March 22,
2006.  (Id. ¶ 9.)  B&J filed its amended complaint in this Court on July 20, 2006.  (Id. ¶ 10.)

## Discussion

"The role of summary judgment is to look behind the facade of the pleadings and assay
the parties' proof in order to determine whether a trial is required."  Plumley v. S. Container,
Inc., 303 F.3d 364, 368 (1st Cir. 2002).  A party moving for summary judgment is entitled to
judgment in its favor only "if the pleadings, depositions, answers to interrogatories, and
admissions on file, together with the affidavits, if any, show that there is no genuine issue as to
any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(c).  A fact is material if its resolution would "affect the outcome of the suit under the governing law," and the dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In reviewing the record for a genuine issue of material fact, the Court must view the summary judgment facts in the light most favorable to the nonmoving party and credit all favorable inferences that might reasonably be drawn from the facts without resort to speculation. Merch. Ins. Co. v. United States Fid. & Guar. Co., 143 F.3d 5, 7 (1st Cir. 1998).  If such facts and inferences could support a favorable verdict for the nonmoving party, then there is a trial-worthy controversy and summary judgment must be denied.  ATC Realty, LLC v. Town of Kingston, 303 F.3d 91, 94 (1st Cir. 2002).

Swift argues that it is entitled to judgment as a matter of law because "the applicable statute of limitations for . . . a civil action . . . to recover charges for transportation expired prior to the time [B&J] filed its [c]omplaint."  (Mot. Summ. J. ¶ 2, Docket No. 21.)  It cites 49 U.S.C. § 14705.  Swift would have the Court dismiss the entire case against it because the amended complaint plainly sets forth that the entire claim for $83,976.79 arises from transportation services provided between April 15, 2004, and June 7, 2004, and makes no reference to invoices for transportation services provided after June 7, 2004.  (Def.'s Reply Mem. at 5-7, Docket No. 46; see also Am. Compl. ¶ 11: "From April 15, 2004 to June 7, 2004, Parris transported numerous loads for Swift.  As a result, Swift owed Parris $83,976.79.")[3]  B&J argues that the accrual date of its entire $83,976.79 claim is the last delivery date "within a series of contracts," such that its most recent transportation services for Swift render timely the entire claim.  (Pl.'s

---

[3]     B&J's primary exhibit is a summary statement that lists all of B&J's invoices to Swift for transportation services provided between February 2004 and February 2005.  According to the summary, the invoices that went entirely unpaid relate to shipping services provided between March and May of 2004.  The summary is an exhibit to the affidavit of Bruce Sargent (Docket No. 30, Elec. Attach. 1).

Mem. of Law at 4, Docket No. 29.)  I conclude that it would be an error of law for the Court to adopt B&J's "series of contracts" position.

The Interstate Commerce Commission Termination Act of 1995, 49 U.S.C. §§ 10101 *et seq.*, contains an eighteen-month statute of limitations that applies to all actions relating to interstate transportation services:

> (a) A carrier providing transportation or service subject to jurisdiction under chapter 135 must begin a civil action to recover charges for transportation or service provided by the carrier within 18 months after the claim accrues.

Id. § 14705.  See also TAG/ICIB Servs. v. Pan Am Grain Co., 215 F.3d 172, 177 (1st Cir. 2000). The parties agree that B&J's transportation services for Swift were subject to the limitation provision; they disagree on the question of when B&J's claim(s) accrued.  The Act clearly states that  "[a] claim related to a shipment of property accrues . . . on delivery or tender of delivery by the carrier."  49 U.S.C. § 14705(g).  It appears to me, based on my review of the invoices and bills of lading submitted in connection with the motion, that the invoices listed in the summary chart attached to the affidavit of Bruce Sargent (Docket No. 30, Elec. Attach. 1) relate to several separate shipments of property made over the course of a year to several different destinations throughout the Nation.  Under these circumstances, it is difficult to understand how a recent shipment to one party at one destination (*e.g.*, Detroit, Michigan) could reasonably be construed as the delivery date (accrual date) for an entire list of remote shipments made to a medley of parties in locations spread across the Nation (*e.g.*, Mercedes, Texas).  The only reasonable application of the § 14705 limitation provision to the facts of this case is that each delivery of "a shipment of property" gave rise to an independent claim for shipping fees, for how can the mere act of making delivery of a new shipment of property possibly serve to negate the accrual of a

claim for shipping fees for the past delivery of different property?[4]  Certainly none of the cases cited by B&J come close to calling for such an application of the language of § 14705.  See C.H. Robinson Co. v. Paris & Sons, Inc., 180 F. Supp. 2d 1002, 1008-1009, 1020 (N.D. Iowa 2001) (not for publication) (assuming that the date of last delivery was the accrual date for a claim related to separate hires of the defendant carrier because the defendant did not argue otherwise and finding that, in any event, even that date did not fall within the limitation period); Baker v. Chamberlain Mfg. Corp., 356 F. Supp. 1314, 1318 (N.D. Ill. 1973) ("It is therefore evident that the . . . provision setting the delivery date as the start of the . . . period of limitation cannot be modified by private contract or even by an Interstate Commerce regulation and that it begins to run from the time of delivery irrespective of what occurred or what was incurred subsequent to delivery."); Emmert Indus. Corp. v. Artisan Assocs., Inc., No. CV-03-782-BR, 2005 U.S. Dist. LEXIS 41758, 2005 WL 913129 (D. Or. Apr. 20, 2005) (omitting any mention, let alone discussion, of the accrual date issue presented here).

B&J commenced this action in state court on February 22, 2006.  Therefore, it is limited to recovering on claims for deliveries made on or after August 22, 2004.  Because all of B&J's claims against Swift seek to "recover charges for transportation" or related services and because the entire plea for damages totaling $83,976.79 is based on invoices for transportation services having delivery dates "[f]rom April 15, 2004 to June 7, 2004," (Am. Compl. ¶ 11) the claims are time barred and Swift is entitled to summary judgment as a matter of law on counts I, II and III.

---

[4]        B&J argues that " judicial efficiency requires that a shipper not be forced to bring a separate action for each unpaid load."  (Pl.'s Mem. of Law at 8.)  Obviously, the 18-month limitation period does not require a shipper to bring a separate action for each unpaid shipment.  A shipper can bring suit for claims accruing over the 18-month period preceding the commencement of its action.  It might also attempt to amend a complaint in the course of litigation to gather up additional claims arising after the commencement of the action.

**Conclusion**

For the reasons set forth above, I RECOMMEND that the Court GRANT Swift & Company's motion for partial summary judgment (Docket No. 21.)

<u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated:  November 8, 2006